United States District Court
Southern District of Texas
FILED

MAR 1 9 2010

Clerk of Court

**CAUSE NO. _____**

| | § | |
|---|---|---|
| **MID-CONTINENT CASUALTY** | § | **UNITED STATES DISTRICT COURT** |
| **COMPANY** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TOWNHAVEN CONSTRUCTION,** | § | |
| **L.L.C., CRYSTAL CERDA CIGALA** | § | |
| **INDIVIDUALLY AND AS NEXT** | § | **SOUTHERN DISTRICT OF TEXAS** |
| **FRIEND OF MELANIE CIGALA** | § | |
| **AND AS REPRESENTATIVE OF** | § | |
| **THE ESTATE OF RAMIRO** | § | |
| **CIGALA, MARIA DE LA LUZ** | § | |
| **OROZCO, EUSTACIO SIGALA,** | § | |
| **AND RAUL SIGALA OROZCO** | § | **HOUSTON DIVISION** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Mid-Continent Casualty Company petitions this Court, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Texas Civil Practice & Remedies Code § 37.001, *et seq.*, and Federal Rule of Civil Procedure 57, for construction of insurance policies, and a declaration that it owes no duty to defend or to indemnify Townhaven Construction, L.L.C., for any judgment or other obligation to any of Crystal Cerda Cigala, individually or as next friend of Melanie Cigala or as representative of the Estate of Ramiro Cigala, Maria de la Luz Orozco, Eustacio Sigala, or Raul Sigala Orozco, and for cause of action respectfully would show the following:

## PARTIES

1. Plaintiff Mid-Continent Casualty Company ("Mid-Continent") is an Ohio corporation with its principal place of business at 1437 Boulder Avenue, Tulsa, Oklahoma.

2. Defendant Townhaven Construction, L.L.C., is an entity based and doing business in Texas, and may be served with process by certified mail to its registered agent George D. Torrey, 6832 East Northwest Highway, Dallas, Texas 75231.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the plaintiff and defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## VENUE

4. Venue is proper in this Court because the facts giving rise to this claim occurred in this district.

## FACTS

5. Mid-Continent issued commercial general liability insurance policies to Townhaven Construction, L.L.C., under Policy Number 04-GL-000717837, a renewal of Policy Number 04-GL-000675853, for the policy period of 06/01/2008 to 06/01/2009.

6. On April 21, 2009, Crystal Cerda Cigala, individually or as next friend of Melanie Cigala or as representative of the Estate of Ramiro Cigala sued Townhaven Construction, L.L.C., and Stellar Staffing, Inc., in Cause No. 2009-24890, 164th Judicial

District Court, Harris County, Texas. Afterward, Maria de la Luz Orozco, Eustacio Sigala, or Raul Sigala Orozco filed a Plea in Intervention.

7. The *Cerda* suit alleges that on April 14, 2009, Ramiro Cigala Orozco died while working at a jobsite located at the 6300 block of the Gulf Freeway. The suit alleges that the building in which he was working collapsed due to lack of adequate lateral bracing. The suit further alleges in pertinent part that "Decedent was working under the direction and control of Townhaven Construction, LLC" and that "[Defendant] instructed Decedent to enter an unsafe jobsite which lacked proper bracing that would have provided lateral support to the structure." The Plea in Intervention contains materially identical allegations. The suit seeks damages for wrongful death and survival, and asserts bystander claims. Townhaven Construction tendered the claim to Mid-Continent for defense, and Mid-Continent agreed to defend Townhaven Construction under a full reservation of rights. Townhaven Construction answered and denied all liability.

## CAUSES OF ACTION

8. Mid-Continent now seeks the Court's declaration that it owes no duty to defend or to indemnify Townhaven Construction for any damages that may be awarded in the *Cerda* suit, because the claims in the *Cerda* suit fall within the terms of applicable policy exclusions, as set out in pertinent part below:

This insurance does not apply to:

**d.    Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e.    Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

Because the allegations in the *Cerda* suit invoke one or both these exclusions, Mid-Continent owes no duty to defend.

9.    Further, proof of these allegations would establish only excluded facts, so that Mid-Continent would not have a duty to indemnify. *See Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (observing that "[i]n many cases . . . the court may appropriately decide the rights of the parties before judgment is rendered in the underlying tort suit," and encouraging insurers to "make a good faith effort to *fully resolve* coverage before a judgment has been rendered in the underlying claim" [emphasis added]"); *see also State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996)(recognizing adjudication of coverage and duty to defend before plaintiff's

claim is adjudicated);*Nat'l Union Fire Ins. Co. v. Puget Plastics Corp*, 532 F.3d 398, 404 (5th Cir. Tex. 2008) (courts are not precluded from making factual findings in coverage actions). Finally, the evidence will establish that the decedent in the *Cerda* lawsuit was an "employee" of Townhaven Construction within the meaning of the term as defined and used in the policy. As a result, there is no circumstance under which Mid-Continent would ever have a duty to indemnify Townhaven Construction for any liability it may have to the claimants in the *Cerda* lawsuit.

10. In summary, and without limiting the foregoing, the policy does not cover the damages alleged in the *Cerda* suit. Under the terms of the applicable declaratory judgment statutes, Mid-Continent is entitled to recover attorney fees and other relief.

## **PRAYER**

11. Mid-Continent requests that the Court declare and enter judgment that:

   a. Mid-Continent owes no duty to defend Townhaven Construction under the terms of Policy Number 04-GL-000717837;

   b. Mid-Continent owes no duty to indemnify Townhaven Construction under the terms of Policy Number 04-GL-000717837;

   c. Mid-Continent recover its reasonable attorney fees and costs;

d. Mid-Continent recover such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

CHAMBERLAIN ♦ McHANEY
301 Congress Avenue, 21st Floor
Austin, Texas   78701
(512) 474-9124
(512) 474-8582 (Facsimile)

By: _____
DAVID E. CHAMBERLAIN
State Bar No. 04059800

**ATTORNEYS FOR PLAINTIFF**