IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY CO., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0949 |
| | § | |
| TOWNHAVEN CONSTRUCTION, | § | |
| L.L.C., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Mid-Continent Casualty Co. ("Mid-Continent") issued a commercial general liability insurance policy to Defendant Townhaven Construction, L.L.C. ("Townhaven"). Townhaven requested defense and indemnification under the policy in connection with a wrongful death lawsuit filed against it in Texas state court. Mid-Continent filed this Declaratory Judgment action, seeking a declaration that it owes Townhaven no duty to defend or indemnify under the general liability insurance policy.

The case is now before the Court on the "Plea to Jurisdiction, Motion to Dismiss, Abate or Administratively Close" ("Motion") [Doc. # 40] filed by Townhaven on July 13, 2010. In the Motion, Townhaven asserts that "the question of whether the deceased was an 'employee' in the course and scope of his employment for Townhaven is a question relegated to the exclusive jurisdiction of the Texas

Department of Insurance, Division of Workers' Compensation . . ..." *See* Motion, p. 1. On that basis, Townhaven asks the Court to "dismiss, abate or administratively close all issues in this litigation related to the duty to defend and/or duty to indemnify . . .." *Id.* On August 6, 2010, Townhaven filed a Motion for Partial Summary Judgment on Duty to Defend [Doc. # 47], which will not be fully briefed until October 2010.

Plaintiff Mid-Continent Casualty Company ("Mid-Continent") filed a Response to Townhaven's Motion [Doc. # 45], as did Defendant Hartford Underwriters Insurance Company ("Hartford"). Townhaven filed a Reply [Doc. # 48]. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion.

With reference to the "Plea to Jurisdiction" aspect of the Motion, the Court finds that subject matter jurisdiction in this case is clear. The parties are of diverse citizenship and more than $75,000.00 is in dispute. As a result, the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, to the extent Townhaven intended to challenge this Court's subject matter jurisdiction, the Motion is denied.

Townhaven seeks dismissal, abatement, or administrative closing of the case based on the argument that the Texas Department of Insurance, Division of Workers' Compensation, has exclusive jurisdiction over factual issues relevant to the duty to

indemnify issue. Although it is undisputed that the Texas Workers' Compensation Act (the "Act") vests the Division of Workers' Compensation with exclusive jurisdiction to award workers' compensation benefits, the insurance coverage dispute before this Court does not involve a request for compensation benefits under the Act. Instead, this case involves whether Mid-Continent owes Townhaven a defense and indemnity under the policy for the underlying state court wrongful death action. As a result, the issues in this case are not within the Texas Department of Insurance's exclusive jurisdiction.

It appears from the Reply, as well as from Townhaven's August 6, 2010, Motion for Partial Summary Judgment [Doc. # 47] on the duty to defend, that Townhaven is actually seeking dismissal, abatement or administrative closing of the case only as to the duty to indemnify issue. The duty to defend issue is determined under the "eight corners rule," which requires a comparison between the insurance policy at issue and the complaint in the underlying lawsuit for which a defense has been requested. *See Zurich Amer. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008). The duty to indemnify, however, is generally not justiciable until the underlying lawsuit has been concluded by final judgment. *See Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997); *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004). Consequently, once the duty to

defend issue has been decided, the Court will consider whether the case should be administratively closed and consideration of the duty to indemnify issue stayed until the underlying state court lawsuit is concluded.

Based on the foregoing, the Court has subject matter jurisdiction over this insurance coverage dispute. The Texas Department of Insurance, Division of Workers' Compensation does not have jurisdiction (exclusive or otherwise) over this dispute because there is no claim in this case for workers' compensation benefits. The Court will rule on the pending motion for partial summary judgment and other motions addressing the duty to defend issue after briefing has been completed. At that time, the Court will determine whether the duty to indemnify issue is justiciable or whether the issue should be stayed until the underlying lawsuit is concluded. Accordingly, it is hereby

**ORDERED** that Defendant Townhaven's Motion [Doc. # 40] is **DENIED without prejudice**.

SIGNED at Houston, Texas, this 12th day of **August, 2010**.

_____
Nancy F. Atlas
United States District Judge