# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-0949 |
| TOWNHAVEN CONSTRUCTION, L.L.C., *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on motions for summary judgment regarding whether Plaintiff Mid-Continent Casualty Company ("Mid-Continent") and/or Hartford Underwriters Insurance Company ("Hartford") owe Townhaven Construction, L.L.C. ("Townhaven") a duty to defend in an underlying state court lawsuit filed by Crystal Cerda Cigala into which Maria De La Luz Orozco Martinez and Raul Cigala Orozco intervened (the "Underlying Lawsuit"). Mid-Continent filed a "Third Amended Motion for Partial Summary Judgment Relating to Duty to Defend" ("Mid-Continent's Motion") [Doc. # 58] and Townhaven filed a "Second Amended Motion for Partial Summary Judgment on Mid-Continent Casualty Company's Duty to Defend" ("Townhaven's Motion re Mid-Continent") [Doc. # 59]. Hartford filed a Motion for Summary Judgment ("Hartford's Motion") [Doc. # 53]

and Townhaven filed a "Second Amended Motion for Partial Summary Judgment" on Hartford's Duty to Defend ("Townhaven's Motion re Hartford") [Doc. # 73].[1]

The pending motions have been fully briefed.[2] Having reviewed the full record and applied governing legal authorities, the Court concludes that neither Mid-Continent nor Hartford owes Townhaven a duty to defend in the Underlying Lawsuit. Therefore, the Court **denies** Townhaven's motions and **grants** Mid-Continent and Hartford's motions.

## I.   BACKGROUND

Ramiro Cigala Orozco "was working at a jobsite" when the building in which he was working collapsed, resulting in Cigala's death. His widow, plaintiff in the Underlying Lawsuit, sued Townhaven, Stellar Staffing Inc. ("Stellar Staffing"), and

---

[1] Also pending is Townhaven's Motion to Strike Hartford's Summary Judgment Evidence [Doc. # 71]. As discussed fully herein, the Court has not considered evidence that is not properly considered on a motion for summary judgment regarding whether an insurer owes its insured a duty to defend. Consequently, the Motion to Strike is **denied**.

[2] Townhaven filed a Response [Doc. # 60] to Mid-Continent's Motion, Townhaven filed a Supplemental Response to Mid-Continent's Motion [Doc. # 74], Mid-Continent filed a Response [Doc. # 84] to Townhaven's Motion re Mid-Continent's Duty to Defend, and Townhaven filed a Reply [Doc. # 87]. Townhaven filed a Response [Doc. # 72] to Hartford's Motion, Townhaven filed an amended Response [Doc. # 76] to Hartford's Motion, Hartford filed a Response [Doc. # 82] to Townhaven's Motion re Hartford's Duty to Defend, and Townhaven filed a Reply [Doc. # 88].

others in Texas state court. Cigala's mother, Maria de la Luz Orozco Martinez, and his brother, Raul Sigala Orozco, intervened in the Underlying Lawsuit.

In the Third Amended Petition in the Underlying Lawsuit ("Petition"), the plaintiff alleges that Cigala was an employee of Stellar Staffing. *See* Petition, p. 4. Intervenors also allege that Cigala was "employed by" Stellar Staffing. *See* Intervenors' Second Amended Plea in Intervention ("Intervention"), p. 3. Both Plaintiff and Intervenors in the Underlying Lawsuit allege that Stellar Staffing "sent [Cigala] to an unsafe construction jobsite." *See* Petition, p. 4; Intervention, p. 4.[3] Plaintiff and Intervenors in the Underlying Lawsuit assert that they are third party beneficiaries to the Staff Leasing Agreement between Stellar Staffing and Townhaven. *See* Petition, p. 5; Intervention, p. 5.

Defendant Mid-Continent issued a commercial general liability policy ("Mid-Continent Policy") to Townhaven. Hartford issued a Workers Compensation and Employers Liability Policy to Townhaven. Both Mid-Continent and Hartford are currently providing Townhaven a defense in the Underlying Lawsuit, subject to a reservation of rights. Mid-Continent and Hartford seek summary judgment that they

---

[3] Intervenor Raul Sigala Orozco alleges that he was also an employee of Stellar Staffing and was injured in the same construction accident in which Cigala was killed. *See* Intervention, pp. 3-4.

do not owe Townhaven a duty to defend in the Underlying Lawsuit. Townhaven seeks summary judgment that Mid-Continent and/or Hartford owes it a duty to defend.

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The summary judgment evidence is not required to be in a format that would be admissible at trial, but the party offering the summary judgment evidence must be able to prove the underlying facts at trial with admissible evidence. *See Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 324-25 (1986); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000).

### B.     Standards for Duty to Defend

An insurer owes its insured a duty to defend "if a plaintiff's factual allegations potentially support a covered claim." *Zurich Amer. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,* 197 S.W.3d 305, 310 (Tex. 2006)). Whether the insurer owes a duty to defend is a question of law for the Court to decide. *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 471-72 (5th Cir. 2009).

In deciding whether an insurer has a duty to defend, the Court must follow the "eight-corners rule" that provides that the duty to defend is determined by considering only the plaintiff's pleadings in the underlying lawsuit and the policy language. *Zurich*, 268 S.W.3d at 491. The focus is on the factual allegations in the underlying complaint, not on the legal theories. *See id.* at 495 (citing *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997)). The Court is required to "resolve all doubts regarding the duty to defend in favor of the duty" and to "construe the pleadings liberally." *Id.* at 491. "If a complaint potentially includes a covered claim, the insurer must defend the entire suit." *Id.*

An exception to the "eight-corners rule" requirement that the Court consider only the underlying pleadings and the applicable insurance policy exists where "it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Ooida*, 579 F.3d at 475 (quoting *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004)).

### III. MID-CONTINENT'S DUTY TO DEFEND

Mid-Continent issued a commercial general liability policy to Townhaven. The Mid-Continent Policy excludes coverage for an employer's liability for injuries to an employee. Specifically, the Mid-Continent Policy excludes coverage for bodily injury to an "employee of the insured arising out of and in the course of (a) employment by the insured; or (b) performing duties related to the conduct of the insured's business." *See* Mid-Continent Policy, Exh. 4 to Mid-Continent's Motion, Exclusion (e). The exclusion also excludes liability to the spouse, child, parent, brother or sister of the injured employee. *Id.* It is undisputed that Cigala suffered bodily injury.

The Mid-Continent Policy defines the term "employee" to include a "leased worker." *See* Mid-Continent Policy, Section V, ¶ 5. "Leased worker" is defined as "a person leased to [Townhaven] by a labor leasing firm under an agreement between

[Townhaven] and the labor leasing firm, to perform duties related to the conduct of [Townhaven's] business." *Id.*, ¶ 10.

Plaintiff/Intervenors in the Underlying Lawsuit allege that Cigala was an "employee of Stellar Staffing," who "sent" Cigala to the Townhaven jobsite. *See* Petition, p. 4; Intervention, p. 4. Plaintiff/Intervenors in the Underlying Lawsuit also allege that Stellar Staffing and Townhaven were parties to a Staff Leasing Agreement.[4] *See* Petition, p. 5; Intervention, p. 5. Finally, Plaintiff/Intervenors allege that Cigala was "working at a jobsite" when the "building in which [Cigala] was working" collapsed. *See* Petition, p. 3; Intervention, p. 3.

Townhaven argues that Plaintiff/Intervenors in the Underlying Lawsuit do not expressly allege that Cigala was a "leased worker." Although this statement is accurate, Plaintiff/Intervenors' failure to use the term "leased worker" is not dispositive. The factual allegations in the Underlying Lawsuit, taken together, amount to an allegation that Cigala was a person leased by Stellar Staffing to Townhaven pursuant to a Staff Leasing Agreement to perform construction work for Townhaven

---

[4] The Texas Staff Leasing Services Act (the "Act") provides that a client company that obtains workers from a staff leasing company "retains responsibility for the direction and control of assigned employees as necessary to conduct the client company's business." TEX. LABOR CODE § 91.032(b)(1).

Construction LLC.[5] This satisfies the Mid-Continent Policy definition of "leased worker," which the Policy includes in the definition of "employee." Plaintiff/Intervenors, therefore, allege that Cigala, an employee of Townhaven as defined in the Mid-Continent Policy, suffered bodily injury arising out of and in the course of performing construction duties related to Townhaven's business. The allegations in the Petition and Intervention clearly and unambiguously fall within Exclusion (e).

The Court notes also that application of Exclusion (e) is not limited to situations in which Townhaven's potential liability is based on its status as Cigala's "employer." Where the bodily injury occurs to someone who satisfies the definition of "employee," and the injury arises out of and in the course of performing duties related to the conduct of Townhaven's business, Exclusion (e) applies even if Townhaven's potential liability is in some additional capacity, such as property owner. *See* Mid-Continent Policy, Exclusion (e). To the extent Plaintiff/Intervenors in the Underlying

---

[5] Although courts are generally limited to the factual allegations in the pleadings and the terms of the policy when deciding whether the insurer owes its insured a duty to defend, courts may also consider reasonable inferences that may be drawn from the factual allegations in the pleadings. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 645 (Tex. 2005); *Gen. Star Indem. Co. v. Gulf Coast Marine Assoc., Inc.*, 252 S.W.3d 450, 456 (Tex. App. – Houston [14th Dist.] 2008, review denied) (noting that the "eight corners rule does not require us to ignore those inferences logically flowing from the facts alleged in the petition").

Lawsuit allege alternatively that Cigala was an "invitee"[6] on Townhaven's premises, any alleged liability based on Townhaven's status as the property owner (rather than as Cigala's employer) would similarly be excluded under Exclusion (e) since, as discussed above, Plaintiff/Intervenors in the Underlying Lawsuit allege facts which amount to an allegation that Cigala was a "leased worker" working at a Townhaven jobsite when he suffered bodily injury while performing duties related to Townhaven's construction business – specifically working on a building at Townhaven's construction site.

Townhaven notes that Exclusion (e) provides that it does not apply "to liability assumed by the insured under an 'insured contract.'" Townhaven argues that Exclusion (e) therefore does not apply because Plaintiff/Intervenors in the Underlying Lawsuit assert a "Third Party Beneficiary" claim that they are third party beneficiaries of the Staff Leasing Agreement and are, therefore, "entitled to benefits under the Staff Leasing Agreement."[7] *See* Petition, p. 5; Intervention; p. 5. Townhaven's argument

---

[6] Townhaven asserts repeatedly that Plaintiff/Intervenors in the Underlying Lawsuit allege that Cigala was a "non-employee invitee." *See, e.g.,* Townhaven's Motion re Mid-Continent, p. 12. In fact, however, Plaintiff/Intervenors in the Underlying Lawsuit allege only (and in the alternative) that Cigala was an "invitee" of Townhaven, not a "non-employee invitee." *See* Petition, p. 3; Intervention, p. 4.

[7] Under Texas law, a third party qualifies as a "third party beneficiary" of a contract only if the parties intended to secure a benefit for that third party and only if the contracting parties "entered into the contract directly and primarily for the third party's benefit." *Allan v. Nersesova*, 307 S.W.3d 564, 571 (Tex. App. – Dallas 2010).
(continued...)

is unsupported by the allegations in the Underlying Lawsuit. The Mid-Continent Policy defines "insured contract" as that part of a contract pertaining to Townhaven's business under which Townhaven assumes "the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization." *See* Mid-Continent Policy, Section V, ¶ 9(f). There are no allegations in the Underlying Lawsuit that the Staff Leasing Agreement or any other agreement provides for Townhaven to assume the tort liability of any other party. Consequently, there are no allegations in the Underlying Lawsuit that bring the Staff Leasing Agreement into the Mid-Continent Policy definition of "insured contract" such that Exclusion (e) would not apply in this case.

The allegations in the Petition and Intervention in the Underlying Lawsuit fall squarely within the "Employer's Liability" exclusion, Exclusion (e), of the Mid-

---

[7]  (...continued)
There are no factual allegations in the Underlying Lawsuit that Stellar Staffing and Townhaven entered into the Staff Leasing Agreement "directly and primarily" for the benefit of Cigala and/or his family members. Similarly, there are no factual allegations from which that conclusion could be drawn. Consequently, although Plaintiff/Intervenors in the Underlying Lawsuit assert a "third party beneficiary" claim, the bald assertion of the claim does not preclude the application of Exclusion (e) because Plaintiff/Intervenors do not allege facts that would give rise to third party beneficiary status. *See, e.g., Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82-83 (Tex. 1997); *Travelers Indem. Co. of Rhode Island v. Holloway*, 17 F.3d 113, 115 (5th Cir. 1994) (to determine whether there is a duty to defend, courts "look to the facts of the underlying claim").

Continent Policy. As a result, Mid-Continent does not owe Townhaven a duty to defend the Underlying Lawsuit.

## IV. HARTFORD'S DUTY TO DEFEND

Hartford issued to Townhaven a "Workers Compensation and Employers Liability Policy" (the "Hartford Policy") covering Townhaven's own employees for the period February 23, 2009, to February 23, 2010. Plaintiff/Intervenors in the Underlying Lawsuit allege that Cigala and his Intervenor brother were "employed by Stellar Staffing" and that Stellar Staffing "sent [them] to an unsafe construction jobsite" operated by Townhaven.[8] *See* Petition, p. 4; Intervention, p. 4. Plaintiff/Intervenors also allege a Staff Leasing Agreement between Stellar Staffing and Townhaven. *See* Petition, p. 5; Intervention, p. 5.

The Texas Staff Leasing Services Act (the "Act") gives a licensed "staff leasing company the exclusive right to elect whether to obtain workers' compensation

---

[8] Townhaven repeatedly argues that it has not been proven "as a matter of law" that Cigala and his Intervenor brother were employees of Stellar Staffing. While it is true that it has not been proven as a matter of law, Plaintiff/Intervenors in the Underlying Lawsuit allege that Cigala and his brother were employees of Stellar Staffing and, indeed, seek a declaration from the state court to that effect. *See* Petition, pp. 4, 7; Intervention, pp. 4, 7-8. The Court, at this point, must look to the allegations in the Underlying Lawsuit, not to what facts Plaintiffs/Intervenors may ultimately prove. *See Zurich*, 268 S.W.3d at 491 ("The duty to defend is not affected by facts ascertained before suit, developed in the course of litigation, or by the ultimate outcome of the suit.").

coverage" for the workers it leases to other companies.[9] *Tex. Workers' Compensation Ins. Fund v. Del Industrial, Inc.*, 35 S.W.3d 591, 594 (Tex. 2000); *see also Vega v. Silva*, 223 S.W.3d 746, 748 (Tex. App. – Dallas 2007, no pet.). In *Del Industrial*, the Texas Supreme Court interpreted § 91.042(a)'s provision that the staff leasing company may elect whether to purchase workers' compensation coverage as intending that *only* the staff leasing company may make that election.[10] *Del Industrial*, 35 S.W.3d at 594. The Texas Supreme Court noted that the Act does not provide for the client company to elect to obtain worker's compensation coverage for the leased workers. *See id.* The Texas Supreme Court has determined that the decision to obtain coverage is the staff leasing company's alone and, therefore, a workers' compensation policy such as the Hartford Policy issued to a "client company" that uses leased workers does not cover those leased workers, even if the staff leasing company elects

---

[9]   To the extent there is any question whether Stellar Staffing is a licensed staff leasing company, the Court may consider extrinsic evidence on the issue because there are no allegations in the Underlying Lawsuit on the issue and the "extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *See Ooida*, 579 F.3d at 475. The uncontroverted evidence in the record establishes that Stellar Staffing is a licensed staff leasing company. *See* Deposition Testimony of Richard Stell, Exh. F to Hartford's Motion, p. 16.

[10]   Section 91.042(a) of the Texas Labor Code provides that a staff leasing company "may elect to obtain workers' compensation coverage" for the company's leased employees. TEX. LABOR CODE § 91.042(a). If the staff leasing company elects to obtain workers' compensation coverage, the policy covers the client company for the leased workers. *See Del Industrial*, 35 S.W.3d at 594; *Vega*, 223 S.W.3d at 748.

not to subscribe to the workers' compensation system. *Del Industrial*, 35 S.W.3d at 595.

In this case, the Hartford Policy was issued to Townhaven, the "client company" under the Act. Under the Act, which supersedes the "right-of-control" test for determining employer status for purposes of workers' compensation purposes, Townhaven and Stellar Staffing are coemployers of Stellar Staffing employees. *See* TEX. LABOR CODE 91.042(c); *Del Industrial*, 35 S.W.3d at 595-96. Under the Act, Stellar Staffing had the exclusive right to decide whether to obtain workers' compensation coverage for its employees that were sent to work for Townhaven under the Staff Leasing Agreement. Although it appears that Stellar Staffing elected not to obtain workers' compensation coverage, the leased workers are not covered by the Hartford Policy issued to Townhaven. *See Del Industrial*, 35 S.W.3d at 593-94 (holding that § 91.042 establishes the consequences of the staff leasing company's decision not to obtain workers' compensation insurance and those consequences "do not include the consequence that a client company's workers' compensation policy provides coverage for leased employees when the staff leasing company does not obtain coverage").

The Hartford Policy does not, under Texas Supreme Court case law as set forth in *Del Industrial*, cover leased employees that Townhaven obtained from Stellar

Staffing, a licensed staff leasing company under the Texas Staff Leasing Services Act. Consequently, Hartford does not owe Townhaven a duty to defend in the Underlying Lawsuit.

## V.     CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that neither Mid-Continent nor Hartford owes Townhaven a duty to defend in the Underlying Lawsuit. As a result, it is hereby

**ORDERED** that Townhaven's Motions for Summary Judgment [Docs. # 59 and # 73] are **DENIED**, Mid-Continent's Motion for Summary Judgment [Doc. # 58] is **GRANTED**, and Hartford's Motion for Summary Judgment [Doc. # 53] is **GRANTED**. It is further

**ORDERED** that Townhaven's Motion to Strike [Doc. # 71] is **DENIED**.

The Court has decided the duty to defend issue in this case and, as a result, it is further

**ORDERED** that the remaining issues are **STAYED** and this case is **ADMINISTRATIVELY CLOSED**. Counsel are directed to advise the Court in writing when the Underlying Lawsuit has been finally concluded and at that time, if appropriate, shall file a motion seeking reinstatement of this case on the Court's active docket.

SIGNED at Houston, Texas, this **21st** day of **October, 2010**.

*[signature]*

Nancy F. Atlas
United States District Judge